NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

05-3251

ROBERT SAPIEN

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

_____

DECIDED:   January 17, 2006
_____

Before NEWMAN, GAJARSA, and PROST, <u>Circuit Judges</u>.

PER CURIAM.

## DECISION

Robert Sapien ("Mr. Sapien") petitions this court for review of the April 27, 2005 final decision of the Merit Systems Protection Board ("Board"), which adopted the initial decision of the administrative judge ("AJ").  On February 10, 2004, the AJ affirmed the Department of the Navy's ("Navy's") removal of Sapien for excessive unauthorized absence and failure to properly report an unplanned absence.  <u>Sapien v. Dep't of the Navy</u>, No. CF-0752-04-0031-I-1 (M.S.P.B. February 10, 2004) (initial decision).  On

April 27, 2005, the Board denied Mr. Sapien's petition to reconsider the initial decision, and it issued a final order in this case. Because the Board's decision is not arbitrary, capricious, or an abuse of discretion, is supported by substantial evidence and is otherwise in accordance with the law, we <u>affirm</u> the Board's decision.

BACKGROUND

On November 17, 1989, Mr. Sapien was removed from his position of Sheet Metal Mechanic at the Naval Aviation Depot, North Island, San Diego, on account of excessive unauthorized absences and failure to report an unplanned absence. On October 17, 2003, Mr. Sapien appealed his dismissal to the Merit Systems Protection Board ("Board").

Because his appeal was untimely, having been filed almost fourteen years after his removal, Mr. Sapien bore the burden of demonstrating to the Board that the delay was excusable. <u>Mendoza v. Merit Systems Protection Bd.</u>, 966 F.2d 650, 653 (Fed. Cir. 1992). Mr. Sapien sought to meet his burden by introducing evidence that between 1989 and 2003 he had suffered from physical illness, serious mental illness, and substance abuse problems. After considering the evidence, the AJ opined that Mr. Sapien had "provided an abundance of medical documentation," noting <u>inter alia</u> that in 1990, Mr. Sapien had applied for and received a social security disability for schizophrenia. The AJ concluded, however, that Mr. Sapien had failed to establish good cause for the delay, because he "[did] not explain how his medical condition and history prevented him from timely filing his appeal or why it took more than thirteen years to finally file with the Board." The AJ also found that even if Mr. Sapien were to have shown good cause for the delay, the doctrine of laches would apply, because after

almost fourteen years, the agency would be at a serious disadvantage in attempting to justify its removal action, given its intervening destruction of documents, as well as the unavailability of key witnesses. For both reasons, the AJ granted the agency's motion to dismiss the appeal as untimely. On April 27, 2005, the Board denied Mr. Sapien's petition for review and issued a final order in the case.

## DISCUSSION

We must affirm an MSPB decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c)(1)-(3) (1994); accord Phillips v. United States Postal Serv., 695 F.2d 1389, 1390 (Fed. Cir. 1982) (holding that our consideration of cases where timeliness is an issue is "limited to whether the board's decision not to waive the regulatory time limit was arbitrary, an abuse of discretion, or otherwise not in accordance with law"). A decision is supported by substantial evidence when "a reasonable mind might accept [it] as adequate to support a conclusion." Matsushita Elec. Indus. Co. v. United States, 750 F.2d 927, 933 (Fed. Cir. 1984) (internal quotations omitted).

As an initial matter, it should be noted that when the Board denied Mr. Sapien's petition for review of the AJ's initial decision in this case, the initial decision became the final decision of the Board. See 5 C.F.R. § 1201.113(b). We turn, therefore, to the substance of the initial decision.

First, we note that the AJ correctly stated the factors that are relevant to a showing of good cause for delay:

> [F]actors for consideration by a presiding official in deciding whether to waive the 20-day limitation should include, but are not necessarily limited to, the following: the length of the delay; whether appellant was notified of the time limit or was otherwise aware of it; the existence of circumstances beyond the control of the appellant which affected his ability to comply with the time limits; the degree to which negligence by the appellant has been shown to be present or absent; circumstances which show that any neglect involved is excusable neglect; a showing of unavoidable casualty or misfortune; and the extent and nature of the prejudice to the agency which would result from waiver of the time limit.

Alonzo v. Dep't of the Air Force, 4 M.S.P.B. 262 (1980) (cited in Walls v. Merit Sys. Protection Bd., 29 F.3d 1578, 1582 (Fed. Cir. 1994).

Second, we hold that substantial evidence supports the findings of the AJ. While we have no doubt that Mr. Sapien has suffered from significant mental and physical illnesses, he simply failed to meet his burden of demonstrating to the Board that he had been unable to prepare and file an appeal throughout the entire period of the delay. In his informal brief, Mr. Sapien "apologize[s] for not being able to chronologically write this brief." The presence or absence of a chronological account is not relevant. The substance of the account, however, is critical. Here, after carefully reviewing the appellant's brief and examining the record, we agree with the AJ that Mr. Sapien has failed to establish that he was incapacitated from filing an appeal during the entire period of the delay. We note, for example, the appellant's ability to apply for Social Security disability benefits in 1990.

As an additional ground for affirmance, we agree with the AJ that the agency would be have been seriously prejudiced by Mr. Sapien's extensive delay in filing an appeal with this court. Because the Board's decision is not arbitrary, capricious, an abuse of discretion, unsupported by substantial evidence, or otherwise not in accordance with the law, we affirm the Board's decision.